Torres v 40 E. End Ave. Assoc. LLC (2026 NY Slip Op 01001)

Torres v 40 E. End Ave. Assoc. LLC

2026 NY Slip Op 01001

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 150872/20|Appeal No. 5873|Case No. 2025-00174|

[*1]Wilson Minaya Torres, Plaintiff-Appellant,
v40 East End Ave. Associates LLC, et al., Defendants-Respondents.

Law Office of Michael James Prisco PLLC, Massapequa (Michael J. Prisco of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (Courtney Chadwell of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 19, 2024, which denied plaintiff's motion for summary judgment on liability pursuant to Labor Law § 240(1) and granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, defendants' motion for summary judgment denied to the extent it seeks to dismiss plaintiff's Labor Law §§ 240(1) and 241(6) claims, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured as he was guiding a pallet of construction material being delivered to a work site. According to plaintiff, his coworker was moving the load using a pallet jack, which used a hydraulic machine to raise the pallet up so that it could be moved. As the coworker who was operating the jack began to move the pallet, the wooden part of the pallet broke, and the hydraulic machine got stuck on the edge of the truck that had delivered the material. Although the coworker managed to free the hydraulic machine, he lost control of the machine's lever, and the full load of the pallet fell on plaintiff's foot.
There is no basis to disturb Supreme Court's decision to consider defendants' untimely submissions in support of their summary judgment motion, although defendants' motion was filed one day late. Defendants provided good cause for the late submission, and the record makes clear that the late filing was an inadvertent mistake and not a tactical decision. In addition, plaintiff did not assert that he suffered any prejudice from the late filing (see Brill v City of New York, 2 NY3d 648, 652-653 [2004]; Lewis v Rutkovsky, 153 AD3d 450, 453 [1st Dept 2017]).
Turning to the merits, Supreme Court should have denied defendants' motion for summary judgment to the extent it sought dismissal of plaintiff's Labor Law § 240(1) claim. Defendants failed to eliminate issues of fact as to the sufficiency of the pallet jack as a safety device for moving the load of construction material. The record does not establish why plaintiff's coworker could not control the pallet jack or why he was unable to hold onto it properly. The record therefore presents factual issues as to whether the jack itself was defective and failed to provide adequate protection against a risk arising from application of the force of gravity to a heavy load during a hoisting operation (see Schoendorf v 589 Fifth TIC I LLC, 206 AD3d 416, 417 [1st Dept 2022]; Ali v Sloan-Kettering Institute for Cancer Research, 176 AD3d 561, 561 [1st Dept 2019]).
We reject defendants' assertion that their submission of the incident report eliminates all issues of fact as to their liability. Although the report states that the load fell because the coworker released the lever on the hydraulic machine, the report does not state why the coworker did so and thus does not foreclose the possibility that the coworker lost control of the lever because the jack was defective or inadequate for the job being performed. Furthermore, the record is not clear as to whether the author of the report actually witnessed plaintiff's accident. Accordingly, at most, the incident report raises an issue of fact as to whether the accident was caused by human error. For the same reason, Supreme Court properly denied plaintiff's motion for summary judgment on liability on his § 240 (1) claim.
Triable issues also exist as to plaintiff's Labor Law § 241(6) claim. That claim is predicated on a violation of Industrial Code (12 NYCRR) § 23-9.8(h), which requires that loaded pallets be kept level at all times (see Kugliowski v One Niagra, LLC, 177 AD3d 1266, 1268 [4th Dept 2019]). According to plaintiff's unrebutted testimony, his coworker lost control of the lever on the hydraulic machine when he tried to free the machine from the edge of the truck after the pallet broke. Thus, the record presents issues of fact as to whether the broken pallet may have contributed to the accident by rendering the construction materials unlevel.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026